**McFARLAND et al. v. CHICAGO EXP., Inc.**

**HARTFORD ACCIDENT & INDEMNITY CO. v. AMERICAN EMPLOYERS' INS. CO. OF BOSTON, MASS.**

**No. 10627.**

United States Court of Appeals
Seventh Circuit.

Nov. 19, 1952.

Rehearing Denied Dec. 29, 1952.

Oswell G. Treadway and Bernard F. Martin, Chicago, Ill., for appellant.

Timothy F. Sullivan, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This appeal was brought to determine the respective liabilities of two insurance companies, Hartford Accident and Indemnity Company, hereinafter referred to as "Hartford," and American Employers' Insurance Company of Boston, Massachusetts, hereinafter referred to as "Employers," to pay bodily injury liability to the plaintiffs, Ray-

mond L. McFarland and Clara B. McFarland, who were injured in an accident caused by the operation of a motor truck owned by the Butterfield Canning Co., hereinafter referred to as "Butterfield," while said truck was being operated by the Chicago Express, Incorporated, hereinafter referred to as "Chicago Express," under a lease for one trip. At all times hereinafter mentioned Chicago Express was engaged in the business of hauling freight interstate, operating under a certificate of public convenience and necessity or a permit issued by the Interstate Commerce Commission.

On February 5, 1950, Chicago Express entered into a written agreement with Butterfield under the terms of which Butterfield agreed to "furnish and operate" its tractor and trailer to transport a load of freight from Boston to Chicago for Chicago Express. As a part of this contract Butterfield agreed to indemnify Chicago Express "against * * * any loss or damage resulting from the negligence * * * of a driver."

The McFarlands' complaint against Chicago Express alleged that the plaintiffs were injured February 12, 1950, in a collision between the automobile in which they were riding and the motor truck operated by the defendant, Chicago Express; that the collision was caused by the negligent operation of the motor truck; and that the McFarlands suffered injuries which resulted in damages to them in the total amount of $75,000.

Chicago Express filed a counterclaim against Hartford and Employers seeking a determination of its rights under the policies issued by these two insurance companies. Hartford had issued a policy to Chicago Express on November 1, 1949, covering all commercial vehicles "owned and/or operated" by the insured during the ensuing year. This policy limited the liability of the insurer for bodily injury to $100,000 for each person and to $200,000 for each accident.

Employers issued its policy to Butterfield on September 17, 1949, covering liability "sustained by any person or persons, arising out of the ownership, maintenance or use of any automobile". In this policy the word "Insured" was defined as including the named insured and also as including "any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named Insured * * *." This definition clearly included Chicago Express as an insured within the meaning of this policy while using the Butterfield motor truck. This policy limited the liability of the insurer for bodily injury to $50,000 on each person and to $100,000 for each accident.

The Employers policy contained the following provision concerning "Other Insurance":

"If other valid insurance exists protecting the Insured from Liability for such bodily injury * * * this policy shall be null and void with respect to such specific hazard otherwise covered, whether the Insured is specifically named in such other policy or not; provided, however, that if the applicable limit of liability of this policy exceeds the applicable limit of liability of such other valid insurance, then this policy shall apply as excess insurance against such hazard in an amount equal to the applicable limit of liability of this policy minus the applicable limit of liability of such other valid insurance."

The Hartford policy, in a paragraph entitled "Other Insurance," provided as follows:

"If the Insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *."
This policy also provided that:

"In the event of any payment under this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization * * *."

In the trial court Hartford insisted that the Employers policy issued to Butterfield constituted other "valid and collectible insurance," and that, therefore, Employers should be compelled to pay its proportion of the defense of the McFarland action and its proportion of any judgment awarded to the McFarlands.

On the other hand, Employers insisted that under the "other insurance" clause of its policy, its policy, because of the insurance furnished by Hartford which carried larger limits of liability, was null and void, and that if the applicable limit of the Employers policy had exceeded the applicable limit of the Hartford policy, then the Employers policy would have applied only "as excess insurance against such hazard in an amount equal to the applicable limit of liability" of such other valid insurance.

The District Court held that the insurance furnished by Hartford under its policy to Chicago Express was "valid insurance covering the operation of the equipment in question when it was involved in an accident * * * wherein Raymond L. McFarland and Clara B. McFarland were allegedly injured"; and that the insurance furnished under the Employers policy to Butterfield was only "excess insurance and coverage" and was not applicable because the damages sought by the McFarlands were within the limits of the Hartford policy; and that, therefore, Hartford, under its policy, was obligated to defend Chicago Express and to pay any judgment rendered against Chicago Express. A judgment was entered accordingly.

After this judgment had been entered by the trial court Hartford settled the suit by payment to the McFarlands of a total sum of $13,500. As we mentioned above this appeal was then prosecuted by Hartford in an attempt to secure from Employers a contribution towards the settlement Hartford had paid and the expenses incurred in defending the action.

■ The decisions of the courts have not been uniform in determining the respective liabilities of insurance companies in such a situation. We think that the proper key to the solution of the question here involved was announced by this court

in Zurich General Accident & Liability Insurance Co. v. Clamor, 7 Cir., 124 F.2d 717, 720. This court said in that case that a decision of the question "must rest upon a construction of the language employed by the respective insurers", and that the question of liability in such a case is not necessarily determined by which insurer first covered the risk. Here, as in that case, the possibility of liability under each policy attached by reason of the same act or acts of negligence so neither insurer can claim any advantage by reason of the other first having assumed the risk.

■ In the instant case Chicago Express, which was operating its trucking line under a certificate of public convenience and necessity granted by the Interstate Commerce Commission, applied for and was issued the Hartford policy which insured it against liability for bodily injury with maximum liability of $100,000 for each person and $200,000 for each accident. The policy expressly covered "all licensed commercial automobiles owned, hired or used" by Chicago Express in its motor transportation service. This Hartford policy also expressly covered "the owner or operator" of vehicles hired by Chicago Express "whether owned or operated by an independent contractor or by an employee" of Chicago Express while such vehicles were operated "in the motor transportation service of" Chicago Express.

If Butterfield had not had the Employers policy insuring its motor truck there would be no question of the liability of Hartford to defend this action against Chicago Express and no question as to the liability of Hartford to pay the amount of any judgment rendered against Chicago Express. Hartford admits that the insurance furnished by it is "valid insurance" which covered the liability of Chicago Express for the accident here involved but insists that under the "other insurance" provision of its policy it can be held only for that proportion of the loss which the limit of liability in its policy "bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

**8**

We are unable to agree with the contention of Hartford that the Employers policy constituted "other valid and collectible insurance" within the meaning of the Hartford policy. The "other insurance" provision of the Employers policy expressly provided that if there was "other valid insurance" protecting the insured from such liability the Employers policy should be null and void except that in the event the applicable limit of liability of the Employers policy exceeded the liability of the other valid insurance, then the Employers policy shall apply, but only as "excess insurance." With these expressed limitations on its liability, the Employers policy did not constitute "other valid and collectible insurance" within the meaning of the Hartford policy.

We think the District Court correctly held that Hartford was liable and was not entitled to a contribution from Employers.

The judgment of the District Court is affirmed.