66 N.J. Super. 269 (1961)
168 A.2d 855
LONDON AND LANCASHIRE INSURANCE COMPANY, LTD., A CORPORATION, AND MALLON SUBURBAN MOTORS, INC., A CORPORATION, PLAINTIFFS,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, A CORPORATION, CHARLES SAYOUR, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF GEORGE M. SAYOUR, DECEASED, WERNER BLOCH, AND GENERAL MOTORS CORPORATION, A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 16, 1961.
*270 Mr. Bernard T. Hein for plaintiff London and Lancashire Insurance Company, Ltd. (Messrs. Hein, Smith & Mooney, attorneys).
Mr. William P. Kirkpatrick for defendant Government Employees Insurance Company (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys).
Mr. Saul Cohen for defendant Werner Bloch (Messrs. Werksman, Saffron and Cohen, attorneys).
Mr. William M. Feinberg for defendant Charles Sayour (Messrs. Feinberg, Dee & Feinberg, attorneys).
MINTZ, J.S.C.
This is a declaratory judgment proceeding. The respective insurance companies cross-motion for judgment on the pleadings. R.R. 4:12-3. The essential facts are undisputed.
*271 On February 13, 1960 Dr. Werner Bloch, a prospective purchaser of an automobile from Mallon Suburban Motors, Inc., was operating a Mallon-owned vehicle on his private driveway adjoining his residence. The Mallon salesman, George M. Sayour, was in front of the vehicle, giving directions to the doctor who was endeavoring to enter his garage. The vehicle struck Sayour, fatally injuring him. Thereafter, the administrator ad prosequendum of Sayour's estate instituted suit for the resultant damages, naming Dr. Bloch and General Motors Corporation as defendants. That suit is still pending.
At the time of the collision Mallon was insured by London and Lancashire Insurance Company, Ltd. ("London") under a comprehensive general automobile liability policy with maximum coverage of $200,000 per person and $500,000 for each accident. Dr. Bloch was an additional insured under this policy. Dr. Bloch also was a named insured under two separate policies, both issued by Government Employees Insurance Company ("Government"). One was a comprehensive personal liability policy with maximum coverage of $10,000 which covered accidents on the doctor's premises, with "premises" defined as including the private approaches to a residence. The other was a family automobile policy which included coverage of accidents arising out of the use of a "non-owned" automobile.
Plaintiff London instituted this action seeking a determination that the Government comprehensive policy be declared the first applicable policy to the loss in question to the full extent of its coverage, and, should there be liability above this coverage, that the Government automobile policy and the London automobile policy share equally in the amount of settlement or judgment and expenses to the full extent of their respective coverages. Government counterclaimed for an adjudication that the policy issued by London to Mallon be declared the primary insurance for all claims asserted against Dr. Bloch arising out of the accident on *272 February 13, 1960, and that the automobile policy issued by Government be declared excess insurance over and above the limits of the London policy. Government further asserts that its comprehensive personal liability policy affords no coverage for the accident, but if it does, that it be deemed excess insurance to that of London and defendant's automobile policy, or, in the alternative, that it be deemed coinsurance to the extent of prorating its limit of liability with the limit of liability of both automobile liability policies.
This action is not prematurely brought. The litigants have demonstrated possession of truly adverse legal interests of sufficient immediacy and reality amply to justify resort to declaratory judgment procedure. See Hartford Accident and Indemnity Co. v. Selected Risks Indemnity Co., 65 N.J. Super. 328 (App. Div. 1961); Condenser Service & Engineering Co., Inc. v. American Mutual Liability Insurance Co., 45 N.J. Super. 31 (App. Div. 1957).
The issues are to be resolved upon a determination of the legal effect of the "Other Insurance" provisions appearing in the respective policies. London's provision is as follows:
"OTHER INSURANCE: If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."
The "Other Insurance" provision in Government's automobile policy issued to Dr. Bloch is substantially the same. Under that provision, Dr. Bloch's operation of the Mallon vehicle constituted use of a non-owned automobile.
The "Other Insurance" provision in Government's comprehensive personal liability policy issued to Bloch reads as follows:
*273 "Other Insurance  Coverage A:
If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."
London urges that since Government's comprehensive personal liability policy is the only policy without an excess insurance clause, it is to be deemed the policy affording the primary coverage, citing Cosmopolitan Mutual Insurance Co. v. Continental Casualty Co., 28 N.J. 554 (1959). I do not regard that case as authority for any such proposition. In Cosmopolitan the court concluded that each of the policies before it contained a mutually repugnant excess insurance clause, and therefore such clauses would be disregarded and each policy held to afford primary coverage. London's "Other Insurance" clause specifically provides for excess coverage in the case of use of a hired or non-owned automobile. As already observed, Dr. Bloch operating the Mallon-owned vehicle was an additional insured under the London policy. Hence the excess insurance clause in that policy does not apply, and it remains a policy of primary insurance. There is no merit to Government's argument that accidents of the type Dr. Bloch was involved in were not intended to be covered under its comprehensive liability policy. The fact is that Government insured this risk under that policy which does not contain an excess insurance clause, and is accordingly primarily liable with London. The extent of its primary liability will be hereinafter considered.
Government's automobile policy specifically provides for excess insurance in the case of a non-owned automobile. Where an excess clause and pro rata clause appear in concurrently effective automobile liability policies, the pro rata clause is disregarded and full effect is given to the excess clause, making the pro rata policy the primary insurance. American Surety Co. of N.Y. v. American Indemnity Co., *274 8 N.J. Super. 343 (Ch. Div. 1950); Cosmopolitan Mutual Insurance Co. v. Continental Casualty Co., supra. That is precisely the situation as between London's policy and Government's automobile policy. London's pro rata clause will be disregarded. Full effect will be given the excess clause in Government's automobile policy. Consequently London's policy is primary insurance to that of Government's automobile policy.
I therefore conclude that the primary coverage is to be borne by London under its comprehensive general automobile liability policy, and Government under its comprehensive personal liability policy, and that excess coverage is afforded by Government's automobile policy. Such construction of the three policies is reasonable and practical with reference to the risk, subject matter and purposes of the contracts, and renders each contract of insurance operative. Such constructions are favored. Boswell v. Travelers Indemnity Co., 38 N.J. Super. 599 (App. Div. 1956).
There remains the problem of assessing the extent of primary liability between London and Government under its comprehensive personal liability policy. London argues that such liability should be shared equally rather than prorated on the basis of the limits of each policy. It cites Cosmopolitan Mutual Insurance Co. v. Continental Casualty Co., supra, for the proposition that where two automobile liability insurance policies are concurrently in effect, both companies must contribute equally. There our Supreme Court said, at page 564 of 28 N.J.:
"* * * Neither policy expressly provides for this type of pro-rating where a hired or non-owned vehicle is involved. Cosmopolitan's policy provides for pro-rating in other circumstances. Continental's policy has no such provision in any case. It is commonly known that the cost of liability insurance does not increase proportionately with the policy limits. The cost of increased limits is relatively small when compared to the cost of minimum coverage. * * * [The court rejects suggestions that there be pro-rating on the basis of policy limits or premiums paid.] We therefore conclude that as both companies stand on an equal footing equity *275 requires an equal apportionment of the amount of the settlement and expenses."
In rejecting the pro rata approach, the Supreme Court dealt with a situation where there was no applicable clause in either policy calling for prorating. Cosmopolitan is distinguishable from the case at bar. We do not have here two automobile liability policies, but rather one automobile liability policy and one comprehensive personal liability policy with each policy containing an applicable pro rata clause.
I perceive no reason why insurers should not be held to their contracts. In Grollimund v. Germania Fire Insurance Co., 82 N.J.L. 618 (E. & A. 1912), the court stated, at page 621:
"Questions of contribution between co-insurers have caused much trouble to the courts, a large part of which has arisen through efforts to equalize equities outside of the contract. This trouble is lessened if the parties are left with their contracts as they themselves have made them."
I recognize that in concurring fire insurance policies, where contribution is prorated according to policy limits, the burden in such distribution of liability is directly related to the benefit received, since the premiums are directly proportional to coverage, whereas liability insurance premiums do not increase proportionately with the policy limits. However, I perceive no inequity in requiring insurance companies to adhere to their written contracts. This appears to be the controlling view in those jurisdictions where this problem has been considered. Thus, in Celina Mutual Casualty Co. of Ohio v. Citizens Casualty Co. of New York, 194 Md. 236, 71 A.2d 20, 21 A.L.R.2d 605 (Md. Ct. App. 1950), there were two concurring automobile liability policies, each for $5,000. The court there said, at page 22:
"* * * The general rule as to insurance policies is that where there are pro rata * * * clauses in several insurance policies insuring the same property, the insurance is concurrent and each insurer is liable for its proportionate amount."
*276 And at page 23:
"* * * Since each policy has a pro rata clause, * * * and since Phillips was covered by each policy, and the contract which each insurance company made was to pay its proportionate part of any loss which was suffered, it is difficult to see why the usual rule should not be applied and each company be required to pay its proportionate part of the judgments. That is the rule adopted by this court in fire insurance cases, based not upon the nature of the insurance, but upon the contract which the companies had made." (Emphasis supplied)
At page 24 the court concluded that since neither policy called for excess coverage on the facts before it, "each must be held bound by what it said. * * * The liability is concurrent, and should be prorated between them."
In Woodrich Construction Co. v. Indemnity Insurance Co. of North America, 252 Minn. 86, 89 N.W.2d 412 (Sup. Ct. 1958), a comprehensive general liability policy and three automobile liability policies provided concurrent coverage. It was there held that problems of overlapping coverage would be resolved on the basis of contract interpretation and not on the basis of any arbitrary factor such as which policy is the more specifically worded or which was issued first. Following the pro rata provisions in the "other insurance clauses," the court held each company liable for its pro rata share. See also Maryland Casualty Co. v. Hunter, 168 N.E.2d 271 (Mass. Sup. Jud. Ct. 1960).
In Hartford Accident and Indemnity Co. v. Selected Risks Indemnity Co., supra, the court held that two concededly "excess" automobile liability carriers should contribute equally to a settlement or judgment, rather than in proportion to their respective applicable policy limits, but inferentially indicated that in a proper case of primary liability, the pro rata feature will be invoked.
Accordingly, I conclude that as between London's policy and Government's comprehensive personal liability policy, the respective carriers will contribute to a settlement *277 or in satisfaction of a judgment in proportion to their respective applicable policy limits.
A form of judgment consistent with the views herein expressed will be presented, consented to as to form, or to be settled on notice.