ALLSTATE INSURANCE COMPANY,
a corporation, Plaintiff,

v.

ATLANTIC NATIONAL INSURANCE COMPANY, a corporation, and Factory Mutual Liability Insurance Company of America, a corporation, Defendants.

Civ. A. No. 2396.

United States District Court
S. D. West Virginia.

Jan. 30, 1962.

Edward W. Eardley, Charleston, W. Va., for plaintiff.

Charles V. Renner and Benjamin J. Parker, Parkersburg, W. Va., for defendant Atlantic Nat. Ins. Co.

W. E. Mohler, Charleston, W. Va., for defendant Factory Mut. Liability Ins. Co. of America.

FIELD, Chief Judge.

In this declaratory judgment action, the parties seek a determination of their liabilities and obligations under certain policies of insurance issued by them. After the defendants had filed their answers, the parties entered into a stipulation and the case has been submitted upon the pleadings, exhibits and stipulation.

The material facts appear to be as follows: On March 5, 1959, Albert H. Loehr, Jr., while engaged in the business of his employer, Westinghouse Electric Corporation, rented from The Hertz Corporation a 1959 four-door Chevrolet sedan, pursuant to the ordinary written lease agreement of the latter. On March 6, 1959 while driving the rental vehicle, Loehr was involved in a collision with an automobile driven by one, Conroe, and in which Clayton R. Fulks was a passenger. Fulks, alleging personal injuries, has instituted an action for damages in the amount of $25,000.00 against Loehr and Westinghouse, which action is being held in abeyance pending the outcome of the present controversy.

There were in effect on the date of the collision the following insurance policies: ·

(1) Policy of automobile liability insurance issued by Atlantic National Insurance Company to the Hertz System, Inc., and The Hertz Corporation, covering the ownership, maintenance and use

of rental vehicles owned and operated by the insureds, including the rental vehicle here in question. The limits of liability in this policy provide for coverage of $25,000.00 for each person and $50,000.00 for each accident.

(2) A comprehensive automobile liability insurance policy issued by Allstate Insurance Company to Westinghouse Electric Corporation insuring it and its employees in the course of their employer's business against liability arising out of the ownership, use and maintenance of any owned, leased or hired automobile up to a limit of $100,000.00 for each person and $300,000.00 for each accident.

(3) A family automobile policy of liability insurance issued by Factory Mutual Liability Insurance Company of America to Albert H. Loehr, Jr., providing coverage on a 1957 Chrysler automobile owned by Loehr with limits of $25,000.00 for each person and $50,000.00 for each accident. The provisions of this policy extended coverage to Loehr while driving a temporary substitute vehicle or other automobile.

The "Other Insurance" clauses of the policies in question appear as follows:

Condition 17 of the Atlantic National policy reads:

"The insurance under this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise."

Condition 14 of the Allstate policy reads:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the main-tenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

Condition 13 of the Factory Mutual policy reads:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute motor vehicles as defined in Condition 5(a) (3) or other motor vehicles under Insuring Agreement IV shall be excess insurance over any other valid and collectible insurance."

There is no dispute that all three policies extended coverage to Loehr, and that two of them, Allstate and Atlantic, by their provisions extended coverage to both Loehr and Westinghouse. The question is which policy, if any, provided primary coverage for any liability growing out of this accident. This question must be determined by a construction of the terms of the "other insurance" and "excess" provisions of the three policies and their application to the facts of this case. See Cosmopolitan Mutual Ins. Co. v. Continental Cas. Co., 28 N.J. 554, 147 A.2d 529, 69 A.L.R.2d 1115; Zurich General Accident & Liability Ins. Co. v. Clamor, 7 Cir., 124 F.2d 717; Hardware Mut. Cas. Co. v. Wendlinger, 4 Cir., 146 F.2d 984.

Counsel for Allstate and Factory contend that the excess provisions of their other insurance clauses should be given effect in the present situation with the result that Atlantic, as the insurer of the owner of the vehicle, would be primarily liable. While this question has not been passed upon by the Supreme Court of

West Virginia, it is suggested that the Fourth Circuit case of American Surety Co. of N. Y. v. Canal Ins. Co., 258 F.2d 934, should be dispositive of this controversy. The district court decisions in Neighbours v. Harleysville Mut. Cas. Co. (D.C.Md.1959) 169 F.Supp. 368, and Farm Bureau Mut. Auto. Ins. Co. v. Preferred Acc. Ins. Co., (D.C.W.D.Va. 1948) 78 F.Supp. 561, are also cited in support of the contention that primary liability should fall upon the insurer of the vehicle involved. This theory that the Fourth Circuit has made a calculated choice of a "minority rule" to this effect is not without some support. See Annotation, 69 A.L.R.2d 1122 at 1127; see also Note, 63 W.Va.Law Review 48 (1960). However, an analysis of the policy provisions as well as the facts in the cited cases does not support that conclusion.

In Canal, the policy covering the vehicle contained an "other insurance" clause which provided generally for proration with the further specific provision that with respect to the use of other automobiles the coverage should be excess. American Surety's policy covering the lessee likewise provided that with respect to the use of a hired automobile it should be excess. See the findings of fact, American Surety Co. of N. Y. v. Canal Ins. Co. 157 F.Supp. 386. Upon these facts the District Judge held that the pro rata clause of Canal should be given equal effect with the excess clause of American and that there should be contribution between the two. The Court of Appeals, 4 Cir., 258 F.2d 934, in reversing the District Court, stated: "Thus, it is generally held, as stated by Appleman, in referring to our exact situation, that 'a nonownership clause (coverage of liabilities arising out of the use of a hired or other vehicle) with an excess coverage provision, does not constitute other valid and collectible insur-

ance, within the meaning of a primary policy with an omnibus clause.'" In that case, however, the excess clause in the owner's policy by its provisions was limited to the "drive other car" or non-ownership coverage which was neither operative nor applicable in that particular factual situation. The excess clause with respect to the hired automobile coverage of the lessee's policy was, of course, operative with the result that the Court was presented with a situation of an excess clause and pro rata clause appearing in concurrently effective policies. Following the general rule, the Court disregarded the pro rata clause of Canal and gave full effect to the excess clause of American thereby holding Canal to be the primary insurance.[1]

Substantially the same situation was present in the Harleysville case. In that case Harleysville's policy covering the vehicle involved contained the customary pro rata clause. The policy issued by Nationwide to Neighbours, the driver, on his individual automobile extended non-ownership coverage to him, provided, however, that such coverage should be excess over any other collectible insurance. Judge Thomsen, citing the Canal case, held that effect should be given to the excess clause in the non-ownership coverage of Nationwide as against the pro rata clause in the Harleysville policy, and held that the latter provided primary coverage.

In Farm Bureau Mut. Auto. Ins. Co. v. Preferred Acc. Ins. Co., supra, both the policy covering the vehicle and that covering the driver extended non-ownership coverage to the named insured and contained identical "other insurance" clauses providing for proration with the exception that under the non-ownership coverage the insurance should be excess over any other valid and collectible insurance. There again the excess clause of the vehicle insurer's policy was not

1. McFarland v. Chicago Express, 7 Cir., 200 F.2d 5; see also United Services Automobile Association v. Russom, 5 Cir., 241 F.2d 296, Footnote 11, wherein the Court observed "* * * The type of case we have is catalogued as Prorata v. Excess and the collected cases indicate an overwhelming acceptance of the general rule."

operative inasmuch as it was confined to non-ownership coverage. Accordingly, the Court gave effect to the excess clause of the non-ownership coverage of the driver's policy as against the pro rata clause of the vehicle's insurer and held that the policy on the vehicle should provide the primary coverage.

While it is true that in each of these three cases the application of the policy provisions to the factual situations coincidentally resulted in placing responsibility for primary coverage upon the insurer of the vehicle as against the insurer of the driver, I do not believe that they furnish any basis in law for a "rule of thumb" that in cases involving "other insurance" clauses in the policies of both the driver and the owner, effect should be given only to the excess provision in the driver's policy with the result that the insurer of the owner of the vehicle is always primarily liable. Nor do I feel that this same coincidence justifies any conclusion that the Courts in the Fourth Circuit have adopted any "minority rule" in their disposition of these cases, all three of which involved "excess" as against "pro rata" clauses in concurrently effective policies.

In the present case we are not dealing with a pro rata against excess situation, but rather one in which each policy contains an excess clause which by its terms is applicable to the operative coverage provision. The excess clause of Atlantic's policy applies to its entire policy coverage. The excess clauses of Allstate and Factory are limited to non-ownership coverage and since that is the operative coverage under the facts of this case, the excess clauses relative thereto must be recognized. Accordingly, this case presents a situation where each policy contains an operative excess clause. Since apparently there is no precedent in either the West Virginia decisions or the decisions of the Fourth Circuit, I am of the opinion that this Court should adopt the majority view and hold that the three excess insurance clauses be disregarded inasmuch as they are mutually repugnant and as against each other cannot be recognized. Oregon Auto. Ins. Co. v. United States Fidelity & Guar. Co., 9 Cir., 195 F.2d 958; Continental Cas. Co. v. St. Paul Mercury F. & M. Ins. Co., D.C., 163 F.Supp. 325; Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.,[2] supra. Accordingly no one of the companies can be held to have primary liability. This same view was adopted and this conclusion reached by Judge Watkins in the case of Maryland Casualty Co. v. Continental Casualty Co., D.C., 189 F.Supp. 764.

Having reached the conclusion that no one of the insurance companies involved has primary liability over the others, the remaining question is what proportion of the potential liability and expense each insurer should bear. As pointed out in Maryland Casualty Co. v. Continental Casualty Co., supra, the courts generally have adopted one of these three methods of apportionment:

(1) Liability should be prorated according to the policy limits.

(2) Liability should be prorated on the basis of the amount of premiums paid to each company.

(3) Each insurer should share equally in the liability.

While the policies of both Allstate and Factory provide to some degree for proration on the basis of limits of coverage, such proration formulae do not by their terms apply to the non-ownership or other vehicle coverage. In the present case the potential liability falls within the limits of coverage of all three of the policies. It appears to me that under the circumstances all three companies stand on an equal footing, and accordingly, the interests of justice would best be served by requiring the equal apportionment of any liability or expense among the three of them.

**2.** It is interesting to note that the "other insurance" clauses and material facts of that case were strikingly similar to those here involved.

This opinion is adopted as the findings of fact and conclusions of law of this Court, and counsel may prepare an order in accordance therewith.