## 44842. PREFERRED RISK MUTUAL INSURANCE COMPANY et al. v. COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK.

WHITMAN, Judge. This case involves a declaratory judgment action and the grant of a summary judgment for the plaintiff therein.

Mr. and Mrs. Padden L. Suddeth filed an action in the Superior Court of Carroll County, Ga., for damages for the alleged wrongful death and burial expenses of their son. Their complaint alleged that their son was killed on May 18, 1968, as a result of the negligence of James W. Wilson and Ghent Waite Wilson in the operation of a 1963 Cadillac owned by James W. Wilson and operated by Ghent Waite Wilson. They further alleged that their son was a guest passenger in said Cadillac automobile and was killed when Ghent Waite Wilson lost control of said vehicle and it left the roadway and crashed into a tree on the premises owned by James W. Wilson.

The Commercial Union Insurance Company of New York (hereafter called "Commercial Union") filed a complaint for declaratory judgment, naming the Preferred Risk Mutual Insurance Company (hereafter called "Preferred Risk") and the parties in the above mentioned action as defendants. Commercial Union alleged that defendant James Wilson was insured against liability for bodily injury up to the amount

of $10,000 by a policy of automobile insurance issued by Preferred Risk. The Preferred Risk policy is attached to the complaint and it provides with respect to its liability coverage as follows: "Other Insurance. . . If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability . . . bears to the total applicable limit of liability of all valid and collectible insurance against such loss. . ."

Commercial Union alleges that a "homeowners policy" issued by it to defendant Wilson provides coverage up to $25,000 in the matter. A Commercial Union policy which is attached to the complaint contains a "General Condition" applicable to the personal liability coverage in question which reads as follows: "Apportionment: . . . If the insured has other insurance against a loss covered by this policy, this company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability . . . bears to the total applicable limit of liability of all valid and collectible insurance against such loss, provided that with respect to loss arising out of the ownership, maintenance, operation . . . or . . . use . . . of . . . any automobile at the premises or the ways immediately adjoining . . . this insurance shall not apply to the extent that any valid and collectible insurance, whether on a primary, excess or contingent basis, is available to the insured."

Commercial Union contends that Preferred Risk is obligated to give primary coverage to the extent of its policy limits and that its own obligation in the matter is to pay any excess over the Preferred Risk limits in any settlement or recovery by judgment. The complaint alleges that Preferred Risk takes a contrary position, contending that it is only obligated to pay a pro rata amount of any damage recovered by settlement or judgment.

The complaint further alleges that the difference in the limits of coverage and the position taken by Preferred Risk places Commercial Union in a difficult situation with regard to possible settlement negotiations and with respect to the defense of its insureds; and that unless the court decides the obligation of the two insurers, Commercial Union will remain in a position where it may be compelled to pay more than it is legally obligated to pay under its policy by settlement or of

having to defend the suit without knowing its responsibility to the Wilsons with respect to both coverage and obligation to defend. The complaint prays that the court declare that Preferred Risk has the primary coverage and the primary duty to defend and that the Commercial Union policy provides excess coverage over the limits of the Preferred Risk policy.

Thereafter Commercial Union moved for a summary judgment. After hearing argument of counsel, considering the pleadings and stipulations filed in the matter, the trial court entered an order declaring that there was no genuine issue as to any material fact; that the Preferred Risk policy affords primary and specific coverage rendering it liable up to the limits of its policy without apportionment; and that the Commercial Union policy affords excess insurance collectible only after the limit of liability of the primary policy is exhausted. The order further declares that the fact that Commercial Union is not the primary insurer does not relieve it from responsibility of defending the Wilsons in the case against them.

Preferred Risk has appealed, enumerating the order on the motion for summary judgment as error. *Held:*

1. There is no issue in this case as to the provisions of the Preferred Risk automobile policy. And if we could find that the Commercial Union homeowner policy contains the apportionment clause which it is alleged to contain, in particular if it contains therein the limiting proviso with respect to the extent of liability arising from *"any* automobile at the premises," we would agree with the lower court's determination that as between the two policies, the Preferred Risk automobile policy affords specific insurance and would be primarily answerable, and that the Commercial Union homeowner policy provides excess insurance collectible after the limit of the primary policy is exhausted. *Continental Cas. Co. v. Owens,* 90 Ga. App. 200, 210 (82 SE2d 742). However, there would appear to be no need to analyze the policies from the standpoint of whether one affords primary or specific coverage and the other affords general coverage. The respective clauses of the two policies are in no wise repugnant or ambiguous when applied to the factual situation in this case. Therefore, we can see no reason why each clause should not be given its full intention and effect. To do so does not prejudice the insured's position under either of his policies, nor does it

prejudice the position of either insurer. The language of each clause fully supports the result which was reached below. The foreign authorities are divided on the result which obtains when conflicting provisions of the type here involved are encountered. Generally, see Annot. 76 ALR2d 502.

2. However, in answering the complaint for declaratory judgment, Preferred Risk admitted that a homeowner's policy (No. 138PD07 91 61) had been issued by Commercial Union to James W. Wilson, but denied that the policy issued to Wilson was the same as the one attached to Commercial Union's complaint. More specifically, it was denied that the policy issued to Wilson contained any "Apportionment" clause.

It appears without dispute that the homeowner's policy, i.e., the original, was delivered not to Wilson but to Wilson's mortgagee. The document received by Wilson states on its face, to wit: "This memorandum is for information only; it is not a contract of insurance but attests that a policy as numbered herein, and as it stands at the date of this certificate, has been issued by the company. Said policy is subject to change by endorsement and to assignment and cancellation in accordance with its terms."

There appear to be 3 pages of printed matter in the document upon which Commercial Union relies (including the disputed "Apportionment" clause) which do not appear in the "memorandum or certificate" of insurance received by Wilson. It would seem reasonable to assume, as appellee contends, that a document as voluminous as the one received by Wilson would be duplicative of all the provisions of the policy to which it refers. But reliance upon this document as controlling of the policy's provisions is misplaced in face of the above statement appearing thereon.

In our view an issue of fact still remains as to the provisions of the homeowner's policy. One Lee Hunter swears in an affidavit offered by Commercial Union that he was manager of the Claims Department of the Commercial Union Insurance Group and further swears upon personal knowledge that the document attached to Commercial Union's complaint "is an exact copy of the original 'Homeowners Policy' . . . issued . . . to James W. Wilson; [the] original policy and contract of insurance was delivered to the agent of the first mortgagee of the insured's property. . ." But by deposi-

tion taken on cross examination Hunter testified that he first had knowledge of the existence of the homeowner's policy in question three or four years after the date of the accident and that his knowledge of what the original policy specifies is based upon his examination of records and his long experience and association with transactions of this nature. Hunter's averments regarding the contents of the policy are obviously conclusory and thus are of no probative value. The provisions of a contract are to be learned from the contract itself. "The best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." Code § 38-203.

With an issue of fact remaining unresolved as to the contents of the policy issued by Commercial Union to Wilson, the lower court erred in granting a summary judgment in the declaratory judgment action.

Judgment reversed. Evans, J., concurs. Jordan, P. J., concurs in the judgment only.

ARGUED OCTOBER 7, 1969—DECIDED FEBRUARY 26, 1970—REHEARING DENIED MARCH 13, 1970—

Powell, Goldstein, Frazer & Murphy, C. B. Rogers, John C. Gray, for appellants.

Lokey & Bowden, Glenn Frick, Tisinger & Tisinger, Gerald Handley, for appellee.