**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

**Scott Nelson BURLEY, Jr., Donald Pete Mosteller and National Indemnity Company, Appellees.**

No. 9815.

United States Court of Appeals Fourth Circuit.

Argued April 6, 1965.

Decided April 29, 1965.

Wm. Rosenberger, Jr., Lynchburg, Va., for appellant.

Henry M. Sackett, Jr., Lynchburg, Va. (Williams, Robertson & Sackett, Lynchburg, Va., on brief) for appellee National Indemnity Co.

Before SOBELOFF and BOREMAN, Circuit Judges, and STANLEY, District Judge.

SOBELOFF, Circuit Judge:

This proceeding was instituted to obtain a judgment declaring which of two insurance companies is obligated to assume the burden of defense and liability for any judgment in respect of suits growing out of damages sustained in an automobile accident involving Scott Burley, Jr.

On August 10, 1963, Burley, while operating with consent an automobile owned by Brockman Chevrolet, Inc., collided in Virginia with a car driven by Donald Mosteller. Suit was brought against Burley by the mother and next friend of Donald Mosteller for personal injuries

suffered by him in the accident. Maryland Casualty Company, the insurer of Brockman, brought this declaratory judgment action to determine whether it, or National Indemnity Company, is obligated to defend the suit. National is the insurer of the members of the Burley household.

In the meantime, as often happens in such situations, neither insurance company was willing to assume the defense of the action for damages. Burley was compelled to advance the cost of defending the suit, and although the injured plaintiff has recovered judgment the insurers decline payment to him while they litigate their dispute in the federal courts.

Maryland issued a Garage Liability insurance policy to Brockman in which it agreed to pay all personal injury claims arising out of the use of any automobile owned by Brockman for the purpose of garage operations. An endorsement attached to the policy provides that the policy does not insure any driver, unless a member of a specified class,[1] who has other valid and collectible automobile liability insurance available to him. If it were not for this limiting endorsement the policy's coverage would clearly extend to Burley in an amount sufficient to cover all liabilities arising from the above accident.

Under Virginia law every auto liability insurance policy must contain an "omnibus clause," that is,

> "a provision insuring the named insured, and any other person responsible for the use of or using the motor vehicle with the consent * * * of the named insured, against liability for * * * injury * * *." Code of Virginia, § 38.1–381 (1950).

This provision has been interpreted by the Supreme Court of Appeals of Virginia in a somewhat analogous, but perhaps distinguishable, case to require that the "same coverage" be extended to any authorized person driving the insured car as is extended to the named insured. Lumbermens Mutual Casualty Co. v. Indemnity Ins. Co., 186 Va. 204, 213, 42 S.E.2d 298, 302 (1947). According to the terms of Maryland's policy, however, the permissive driver, unlike members of the group specifically mentioned, is covered only when there is no other collectible and valid insurance available. The validity of the endorsement which makes this distinction between the named group and the permissive driver is in issue here. National contends that this provision is invalid as in conflict with section 38.1–381, above quoted, despite the fact that the State Corporation Commission has approved the form of endorsement here in question.

As a federal court operating under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we would be bound to follow any interpretation given this section of the Virginia Code by the Supreme Court of Appeals of Virginia, but that court has never ruled explicitly on the validity of such an "escape" clause. It is regrettable that two insurance companies operating in Virginia should avoid resort to the only court that is empowered to give a final authoritative answer to this question of statutory construction. We note the frequency of litigation of this character in the federal courts when the state forum is the more appropriate one.

 A state trial court, however, has ruled that the clause is void because it violates § 38.1–381, Code of Virginia (1950). State Farm Mutual Automobile Ins. Co. v. Universal Underwriters Ins. Co., Charlottesville Corporation Court, July 22, 1964. While in the absence of a ruling by the highest court of the state we are not bound to follow this decision, we nevertheless join the District Court in deferring to the only available judicial interpretation of Virginia law and adopt

---

1. "* * * any employee, director or stockholder of the named insured, any partner therein and any resident of the same household as the named insured, such employee, director, stockholder or partner."

it for the purposes of this case. We think this interpretation is consistent with the intimation in the Lumbermens Mutual case, cited above. While the statute is not concerned with how the insurance companies divide the risk among themselves, it would not seem reasonable to interpret it as permitting an insurer to avoid liability altogether, an approach that could result in the injured party receiving less than full compensation.

Affirmed.