Samuel S. Leibowitz, J.
Plaintiff by Allstate Insurance Company brings this action for a declaratory judgment to recover the sum of $3,500 expended by it in settlement of certain claims arising out of an automobile accident which occurred on November 21, 1964.
At the time of the accident defendant Levine was operating an automobile owned by Cohen. The action against both defendants was settled for $7,000 upon the following stipulation and agreement: That defendant Cohen is the owner of the automobile involved in the collision and for which Allstate Insurance Company had issued a liability insurance policy covering the named insured and anyone else driving with his consent. It is contended and not disputed, that the policy excluded from coverage the automobile while used in the “automobile business”. “Automobile business” is defined as the business of selling, repairing, servicing, storing or parking of automobiles. Said policy was in full force and effect, at the time of the accident..
Levine uwns and operates a gas station known as the Lin-rock Service Station, where Cohen left his car on previous occasions. It is conceded that Levine has previously serviced and repaired Cohen’s auto but never charged him. Levine had permission from Cohen to use the latter’s automobile any time *849 it was necessary to pick np a part. On the day of the accident, Levine was returning from an auto wrecking shop after picking up a part he needed for a job at his gas station. A further concession is that Public Service Mutual Insurance Company had issued to Levine and to Linrock Service Station a garage-man’s liability insurance policy which was in full force and effect at the time of the accident.
By virtue of the stipulation agreed to between the respective insurance carriers, this court is to determine whether coverage for the accident is to be borne by the individual’s policy, or by the garageman’s liability policy. Depending on the ruling of this court, the successful party is' to be reimbursed by the responsible insurance company.
A review of the case law in our jurisdiction fails to disclose any similar reported case. However, some decisions in sister States appear to be dispositive of the issues raised predicated upon the very clause and analogous facts concerned herein. In Walker v. State Farm Mut. Auto. Ins. Co. (40 Ill. App. 2d 463, 467) the court held that the use of the assured’s automobile in the prohibited purpose expressed in the policy in “ the transport of repair parts to be used in the business of the driver is an activity directly connected to the carrying on of his business, and, therefore, the exclusion clause applies.”
Similarly, the exclusionary clause was interpreted in McCree v. Jenning (55 Wn. 2d 725). The Supreme Court of Washington stated (p. 727): “ It would appear evident, therefore, that an automobile ‘ used in the automobile business ’, would be one which was employed for some purpose in connection with that business. For example, a tow truck, an automobile used for demonstration purposes, or a vehicle used for securing or delivering equipment and supplies would be £ used in the business.’ ”
In Canadian Ind. Co. v. Western Nat. Ins. Co. (134 Cal. App. 2d 512, 517) the court stated: “ The fact that in several cases the exclusion has been held reasonable in its application to the customer or patron relationship does not necessarily imply that the exclusion may only apply when the borrowed automobile is that of a customer of the garage operator. The exclusion does not require a customer relationship to exist in order that it apply, but only that the car be used by anyone operating an automobile repair shop and that the accident arise out of the operation of such an establishment.
££ The activity of securing repair parts is part of the operation of a garage business.”
No claim is made that Allstate Insurance Company knew or should have known of the fact that defendant Cohen permitted *850 defendant Levine to use Cohen’s automobile whenever he needed to pick up parts. The phrase ‘‘ while used in the automobile business ’ ’ should be given the ordinary accepted meaning.
With respect to the responsibilities of the carrier covering the garage keeper’s liability the Court of Appeals in Phoenix Ins. Co. v. Guthiel (2 N Y 2d 584, 589) states as follows: “ A garage liability policy by its terms and purposes is intended to cover the use of, cars owned by persons other than the dealer”. In Switzer v. Merchants Mut. Cas. Co. (2 N Y 2d 575, 579) the court declared: “ The automobile covered need not be owned by the dealer (see Abrams v. Maryland Cas. Co., 300 N. Y. 80, 85); all that is required is that it be used, and not necessarily by him, in connection with his 1 defined operations ’.”
In conclusion, the court finds that at the time of the accident, the Cohen auto was indeed used in the automobile business conducted by Levine when it was used for the sole purpose of picking up a part for a job he had at the station. Under the circumstances the garageman’s liability policy should be the responsible policy herein. . Accordingly, plaintiff Allstate’s demand that it be reimbursed by Public Service Mutual Insurance Company in the sum of $3,500, is allowed.