Norman A. Stiller, J.
Before this court are motions by both plaintiff and defendant for summary judgment pursuant to CPLB 3212 in an action for a declaratory judgment seeking to determine the liabilities of the two insurance companies named as parties herein. The plaintiff, Mills, a resident of the State of New York, is the owner of a passenger automobile covered by the usual insurance policy issued by the coplaintiff, Government Employees Insurance Company. This insurance policy contains the customary clause to the effect that: if the assured has other insurance covering same loss the liability shall be prorated between said companies but with respect to temporary substitute automobiles shall be excess insurance over any other valid and collectible insurance but that coverage will not apply to any accident arising out of the operation of an auto sales agency.
On June 4, 1966 the said Mills was interested in purchasing a new automobile and called upon the defendant, Dowdall Lin *1086 coln-Mercury, Inc., an automobile agency, for that purpose. He was permitted to take the agency’s car home so as to try it, show it to his wife and thus make up his mind whether he wished to purchase it. That very night, while driving said car in its permitted use, he had an accident involving another car. The passengers in both cars are now suing Mills, as well as the Dowdall Agency, and said lawsuits are now pending in this court.
The Dowdall agency was insured with the defendant, Liberty Mutual Insurance Company under a policy known as a garage liability policy with a rider entitled and reading in pertinent part as follows :
‘ ‘ Limited Coverage for Certain Insureds G-arage Liability Policy
jt, jt, jj,
w w w
“ (3) With respect to an automobile to which the insurance applies under paragraph 1 (a) of the Automobile Hazards, any of the following persons while using such automobile with the permission of the named insured, provided such person’s actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission:
“ (a) * * *
“ (b) any other person, but only if no other valid and collectible automobile liability insurance, either primary or excess, with limits of liability at least equal to the minimum limits specified by the financial responsibility law of the state in which the automobile is principally garaged, is available to such person; provided that with respect to Coverage C, such person shall he deemed to be a person whom insurance is afforded, whether or not there is any other valid and collectible automobile insurance.”
In consideration of the said rider, Dowdall received the benefit of a cheaper premium rate. Said rate and rider were approved by the New York State Superintendent of Insurance.
Liberty has undertaken the defense of Dowdall but refuses coverage to Mills, claiming that by reason of this rider and of the fact that Mills has excess coverage with the Government Employees Insurance Company, Mills is not covered under its policy. Thus this action is a controversy between the two named insurance companies, each seeking a judicial determination in its favor.
The court readily recognizes that each policy involved herein is merely a contract between the insurer and the insured, and that the contract and the intent of the parties is controlling; *1087 but when said policy is certified by the insurance company and filed with the Motor Vehicle Department to satisfy the requirement of a statute said contract ceases to be just a private contract because then the public interest is involved and the public interest supervenes and the policy must then conform to the requirements of the statute. Any provision to the contrary is void and the requirements of the law are considered as being included therein. (Teeter v. Allstate Ins. Co., 9 A D 2d 716.) The policy of Liberty has a paragraph to this effect as follows:
“ Financial Responsibility Laws:
“ When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph. ’ ’
The subject policy was written in the State of New York for a garage business in the State of New York and therefore, was meant to and must necessarily conform with the requirements of this State.
Briefly, without quoting the sections verbatim, section 388 of the Vehicle and Traffic Law of the State of New York provides that the owner of a vehicle is responsible for anyone driving that vehicle with the permission and consent of the owner. Section 312 of the Vehicle and Traffic Law, being part of the Motor Vehicle Financial Security Act enacted in 1957 and still in effect, provides that no motor vehicle shall be registered in New York State unless application is accompanied by proof of financial security, as evidenced by a certificate of insurance. Section 311 of said act defines proof of financial security as evidence of an owner’s policy of liability insurance and further defines an owner’s policy of liability insurance as one affording coverage as defined in the minimum provisions prescribed in a regulation which shall be promulgated by the Superintendent of Insurance at least 90 days prior to the effective date of the act, but after consultation with all insurers. The section further provides that the limits be 10-20-5 and that nothing shall prohibit any insurer from affording coverage under an ownership policy more liberal than the main requirement.
*1088 The superintendent referred to is the Superintendent of Insurance, and in conformity with said section he did promulgate regulations then and now in effect which read in pertinent part as follows: “Section 60.1 (Mandatory provisions.) An 1 owner’s policy of liability insurance ’ shall contain in substance the following minimum provisions or provisions which are equally or more favorable to the insured and judgment creditors, so far as such provisions relate to judgment creditors: * * * (c) A provision insuring as ‘ insured ’ (1) * * * (2) any other person using the motor vehicle with the permission of the named insured or such spouse ”. (Emphasis supplied.) (11 NYCRR 60.1.)
It is the contention of the Government Employees Insurance Company that its policy does not afford coverage because the automobile in question was involved in an accident arising out of the operation of an automobile sales agency but if not excluded completely that its coverage is excess only. While this is one of the specific exclusions permitted by the regulations, this court feels that this is not intended to mean an instance where the assured has no interest or connection with the auto agency or garage other than to test an automobile for the purpose of purchasing. However, in view of the ultimate decision herein made, I will not dwell on this subject at length except to say that it is covered in several of the cases herein cited for other purposes, such as Allstate Ins. Co. v. Shelby Mut. Ins. Co. (269 N. C. 341).
The Liberty Mutual Insurance Company, on the other hand, claims that its exclusion specifically provides for a case of this kind, where there is other excess insurance so-called and, therefore, Mills is excluded from coverage under its garage policy. Liberty asserts that it gave policy owner Dowdall a reduction in the premium paid and further that the reduction of premium and the provisions of the particular rider were approved by the Superintendent of Insurance who had promulgated the regulations and has the right to interpret them. Liberty claims that even though the letter of the regulation has not been met the purpose of the .regulation and of the Financial Security Act has been met, along the line of the decision in Allstate v. Shelby (269 N. C. 341, supra), in which a virtually identical statute is involved.
Although the question presented is novel as far as this State is concerned, it has been passed upon in other States.
In the State of Carolina it was held that the exclusion clause of the garage policy should prevail in view of the fact that the intent of the statute has been met even though the general *1089 statute involved provided that the policy should cover the permitted driver as well as the owner. (See Allstate v. Shelby, supra.) To the same effect is Continental Cas. Co. v. Weekes (74 So. 2d 367 [Fla.]) in the State of Florida and Government Employees Ins. Co. v. Globe Ind. Co. (415 S. W. 2d 581 [Ky.]) in State of Kentucky and others.
A contrary view is held by another group of States such as Virginia in American Motorists Ins. Co. v. Kapplan (209 Va. 53) and Texas in Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exch. (437 S. W. 2d 390 [Texas]). These cases among others hold that the garage policy must cover the driver and affords primary coverage. The Virginia case deals with a statute similar to ours and bases its decision upon the exclusion clause being void as contravening the statute.
Then there is a third category of cases which hold that the clauses in the two policies cancel each other and that both carriers must cover loss and share pro rata in the defense and loss. Louisiana adopted this view in State Farm Mut. Auto Ins. Co. v. Travelers Ins. Co. (184 So. 2d 750, cert. den. 249 La. 454), as did Oregon in Oregon Auto Ins. Co. v. United States Fid. & Guar. Co. (195 F. 2d 958) and again several others.
In the recent case of Federal Ins. Co. v. Atlantic Nat. Ins. Co. (25 N Y 2d 71), the New York Court of Appeals on July 1, 1969 held in a similar case that, where there are two policies each claiming to provide excess coverage only, both companies must cover loss pro rata. Here, for the first time, we have a New York case coming close to the problem before us. There are, however, certain features which are distinguishable; the first being that the insurance policies there were written in the State of Vermont which had no statutory provision such as New York, that the owner policy must cover the driver permittee as an insured; secondly, the New York case treats with two policies both claiming to be excess, whereas in the case before us one claims to be excluded entirely while the other claims to be excess only. The latter difference may be immaterial but the New York State statute requiring the policy to cover the driver using car with permission of owner is vital and is determinative of the issue herein.
It is the opinion of this court that, since the statute in the form of the Superintendent’s regulations provided that the policy must cover any person driving with permission of the owner, any provision in the policy to the contrary is void. Insofar as the significance of the approval of the Superintendent of Insurance of the particular" rider is concerned, the Superintendent of Insurance would have no power to interpret his own *1090 regulations contrary to the unambiguous provision therein contained. Once they are promulgated, the regulations are binding on the Superintendent. The garage policy under the laws of the State of New York cannot exclude one permitted by the owner to drive the vehicle.
It is the obligation of the defendant, Liberty Mutual, to defend Mills and satisfy any judgment which may be rendered against him to the full extent of the policy coverage. Any excess above the policy limits shall be borne by the Government Employees Insurance Company to the extent of its stated limits.