Robert O. Brink, J.
Defendant has brought this motion for partial summary judgment in an action for declaratory judgment, commenced by the plaintiff, Aetna Casualty and Surety Company, which seeks a declaration of the rights of the parties under insurance policies issued by them to their respective insured.
The facts in this case are uncontroverted. On September 27, 1966, Mrs. Barbara Holland drove an automobile owned by her husband, an insured of Allstate Insurance Company, to a parking lot maintained by a department store in the City of Binghamton known as ‘ ‘ Fowlers ’ ’, an insured of Aetna. The automobile *334 and keys were left in the custody of a lot attendant. Subsequently, while the automobile was being driven by one Edward Fiato, a lot attendant acting in the scope of his employment, an accident occurred to a pedestrian, resulting in bodily injuries. An action was commenced against Fowlers, Fiato and Hugh C. Holland, the owner of the automobile. Allstate appeared in the litigation on behalf of Holland, but refused to defend Fiato and Fowlers under its policy, although a demand for such a defense was made.
Aetna appeared on behalf of Fiato and Fowlers and negotiated a settlement of the afore-mentioned action. The defendant Allstate, in its answer, has denied that this settlement was made with its knowledge and consent, as claimed by the plaintiff. This is a question of fact which must be determined at a trial. The issue to be resolved in this motion for partial summary judgment concerns only a determination of whether coverage is afforded by either or both of the respective insurance policies in the afore-mentioned situation.
Allstate, apparently conceding that Fowlers and Fiato, while driving with the permission of Mrs. Holland, would be an insured under Part 1 of its policy, contends that its policy expressly excludes coverage in the instant situation. This exclusion section of Part 1 of the Allstate policy provides as follows: “ this Part 1 does not apply to: (2) an owned automobile while used in an automobile business * * * (3) (c) ‘ automobile business ’ means the business of selling, repairing, servicing, storing or parking of automobiles ”.
Aetna contends that this exclusion does not apply, since Fowlers was not in the business of parking automobiles and the vehicle involved in the accident was not being used in such a business. Under this interpretation, Fowlers, Fiato and Holland would be all insured under the Allstate policy. Aetna concedes that its policy covers Fowlers and Fiato, in the course of his employment, but contends that its policy does not cover Holland.
It appears that the clause in the Allstate policy which excludes automobiles “used in the automobile business ” has not been directly considered by New York courts. Compare Natiowwide Mut. Ins. Co. v. Exchange Mut. Ins. Co. (49 Misc 2d 707), where the exclusion related to the occupation of the person driving the automobile rather than the use to which it was put. However, a line of well-reasoned decisions in other jurisdictions has developed which hold, in cases having exclusion clauses, with very similar or identical wording as the instant case, that an *335 automobile ‘ ‘ used in the automobile business ’ ’, means one actually used for some purpose in the business such as a tow truck, demonstration auto, or vehicle used to service or deliver supplies. (McCree v. Jenning, 55 Wash. 2d 725; Le Felt v. Nasarow, 71 N. J. Super. 538, affd. 76 N. J. Super. 576, cert, den. 39 N. J. 86; Allstate v. Shelby Mut. Ins. Co., 269 N. C. 341; Chavers v. St. Paul Fire & Mar. Ins. Co., 188 F. Supp. 39, affd. 295 F. 2d 812.)
£ £ An automobile brought in to be parked or to be repaired is not .being used in the parking or automobile business.” (7 Appleman, Insurance Law and Practice, § 4372.)
Such an interpretation of the clause has been impliedly accepted by New York courts (Cohen v. Levine, 59 Misc 2d 848; Mills v. Liberty Mut. Ins. Co., 60 Misc 2d 1085) and is clearly applicable to the instant situation. Even if we were to consider the term ‘ ‘ used in the automobile business ’ ’ ambiguous, the interpretation against the insurer and in favor of coverage would result in a ruling that Fowlers, Fiato and Holland were insured under the Allstate policy.
Due to the court’s determination that the vehicle involved in the accident was not being used in the automobile business, it is not necessary to consider whether Fowlers’ lot was in fact an “ automobile business ” under the terms of Allstate’s exclusion clause.
It is conceded by Aetna that its policy affords coverage for any liability attributable to Fowlers and Fiato.
Under the foregoing facts, it is apparent that the Allstate Insurance Company is not excluded from liability by the terms of its policy. Any other remaining issues must be determined on trial.
Motion for partial summary judgment is denied, with $10 costs of the motion to the plaintiff.