HENIA WACHSTEIN, as Administratrix of the Estate of ISRAEL WACHSTEIN, Deceased, Appellant, v. GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Respondent.—

964

Munder, Acting P. J., Latham, Shapiro and Benjamin, JJ., concur. Gulotta, J., concurs in the affirmance of the order insofar as it denied summary judgment to plaintiff, but otherwise dissents and votes to (a) modify the order by deleting so much thereof as granted summary judgment to defendant and denied plaintiff's motion to dismiss defendant's affirmative defense, (b) grant plaintiff's motion to strike the affirmative defense

and (c) reverse the judgment. At the time plaintiff's intestate was injured on May 28, 1965, during the course of an unloading operation, there was in effect an official regulation promulgated by the Superintendent of Insurance (11 NYCRR 60.1 [c]) which provided in substance that an automobile liability policy shall contain a provision insuring as an "insured" the named insured and also any person using the motor vehicle with the permission of the named insured. The settled law is to the effect that the term "use" of an automobile includes the loading and unloading thereof (*Wagman* v. *American Fid. & Cas. Co.*, 304 N. Y. 490; *Cosmopolitan Mut. Ins. Co.* v. *Baltimore & Ohio R. R. Co.*, 18 A D 2d 460). Since this is so, there being nothing to the contrary in the regulation itself, the word would naturally have its established meaning. Prior to this accident, effective as of March 9, 1964, the Superintendent of Insurance had approved, in the form of a letter, an indorsement of defendant's policy with J. P. Waste Co., Inc., the truck owner, which excluded coverage for loading/unloading at premises other than those owned by the named insured. The instant accident occurred at the consignees' premises. However, it was not until 12 days after the accident (i.e., on June 9, 1965) that the Superintendent of Insurance promulgated an amendment to regulation 60.1 (subd. [c]), which provided that loading/unloading coverage need no longer be included in a policy for a person other than the named assured. Accepting as controlling the assertion by counsel to the Superintendent that the Superintendent's letters have the status of an order issued under section 20 of the Insurance Law, the fact is that what the Superintendent was purporting to do was to amend and reinterpret his own regulation. Issuance of regulations and interpretations are governed by section 21 of the Insurance Law and that section requires a formal regulation, not an order. It is conceded that the requirements of section 21 were not complied with until after the accident. So the issue is not whether there was a rational basis for the Superintendent's determination, which is the point dealt with in the three cases cited in the majority memorandum, but rather whether he is at liberty to disregard his own regulations without amending them. In a well reasoned opinion in a case very like the present one (*Mills* v. *Liberty Mut. Ins. Co.*, 60 Misc 2d 1085), even to the point that the Superintendent of Insurance there had also approved a rider which conflicted with section 60.1 of the regulations, the Special Term held that the regulations are binding on the Superintendent himself and that the rider was ineffective to cut down the coverage required by the regulation. By way of dicta, *Davis* v. *De Frank* (33 A D 2d 236) seems to have questioned the soundness of the *Mills* decision, but I am not convinced of the validity of the disapproval. *Garcia* v. *MVAIC* (18 A D 2d 62), relied on by Special Term, cannot be regarded as authority to the contrary, since the word construed in that case was "accident", not "use". Furthermore, for some reason not explained in the opinion there was a concession "that the Superintendent's minimum provisions do not include coverage for loading and unloading" (p. 64), so the question before us now was not dealt with in that case. Since defendant has denied that the unloading by the consignees was being done with the named insured's permission, and disputes that the accident was in any way related to the unloading itself, there are questions of fact to be decided which preclude summary judgment for plaintiff and I would affirm so much of the order as denied such relief. However, I dissent from so much of the affirmance as would deny a recovery to plaintiff even though she brings her intestate within the terms of section 60.1 (subd. [c]) of the Insurance Department Regulations by proving (1) permission, (2) use and (3) that an unloading operation caused the injuries.