■ JOSEPH ROSADO et al., Appellants, v. EVEREADY INSURANCE COMPANY, Respondent; MVAIC, Appellant, and EFRAIN MORALES et Ano., Defendants. — Judgment, Supreme Court, Bronx County, entered April 23, 1971, declaring that the defendant Eveready properly disclaimed coverage, affirmed, without costs and without disbursements on the opinion at Special Term. Concur — McGivern, J. P., Markewich, Lane and Tilzer, JJ.; Nunez, J., dissents in the following memorandum: I would declare the defendant-respondent liable under its policy. Plaintiffs were passengers in a car owned by defendant Abco Leasing Company, Ltd. (Abco). Abco was in the drive-yourself car rental business. It rented either a 1962 or 1965 Chevrolet to defendant Efrain Morales. Defendant-respondent insured Abco's vehicles, including the one involved in the accident of April 8, 1967, wherein plaintiffs were injured. The policy contained a special indorsement "that coverage does not apply as respects vehicles used as * * * Drive-Yourself private passenger vehicles (except leased on annual basis)." The rental agreement of lease between Abco and Morales did not specify the rental period. The accident happened on the second day of the lease. The car was licensed by the New York State Motor Vehicle Bureau for use on the highway relying on the certification of insurance made by defendant-respondent on said policy. The insurer respondent had ample notice that its insured, Abco, was leasing its vehicles to the public on a daily, not on a yearly, basis. The requisite certificate of insurance before these vehicles could be operated on the public roads was supplied by the respondent. Since the law (see Vehicle and Traffic Law, § 311, subd. 4; Insurance Superintendent's Regulations, § 60.1, 11 NYCRR 60.1; Insurance Law, § 167, subd. 2) provides that the policy must cover every person driving an automobile with the permission of the owner, any provision in the policy to the contrary is against public policy. (*Mills* v. *Liberty Mut. Ins. Co.*, 60 Misc 2d 1085.) This insurance company issued its certificate of insurance without any limitation or qualification. The automobile was licensed and permitted on the street on its assurance that it was covered by its policy in the event of an accident. Following an accident, it is now claimed that the car was not covered. To absolve respondent on these facts is to countenance a fraud on the public and the filing of an irregular

certificate of insurance. To me it is incredible that such practice is apparently tolerated by the Superintendent of Insurance. I express the hope that this case will alert the Insurance Superintendent and the Commissioner of Motor Vehicles to take whatever action they may deem necessary to prevent the issuance of automobile registrations without the requisite insurance coverage.