544

## CIRCUIT COURT OF FAIRFAX COUNTY

American Casualty Co. of Reading Pa.,
Biggers Enterprises, Inc.,
and Heather Jackman

     v.

United Services
Automobile Association, Inc., et al.

August 31, 1989

Case No. (Law) 83119

By JUDGE THOMAS J. MIDDLETON

On April 29, 1988, in the Circuit Court of Fairfax County, a $300,000.00 verdict was returned in favor of Albert Ulster, Jr. Ulster was injured after being involved in an automobile accident with Heather Ann Jackman. At the time, Jackman was driving a vehicle in the course of her employment with Biggers Enterprises, Inc. (Domino's Pizza). The vehicle, owned by Jackman's father and being driven with his permission, was insured under a policy issued to Jackman's father by USAA. The policy specifically listed and described the vehicle. Biggers Enterprises carried an umbrella policy issued by American Casualty under which vehicles of Domino's employees were insured when used in the course of their employment. USAA denied coverage and refused to defend based upon a livery convey-

ance exclusion which was later ruled to be inapplicable. The present action between USAA and American Casualty is one for a declaratory judgment to determine the rights and liabilities of each insurer under their respective policies. USAA contends that it is only liable for two-ninths of the $300,000.00 judgment ($66,666.66) based upon the "other insurance" clause in its policy. This clause states that if the insured has other insurance which covers the loss, USAA is only liable for a prorated share of the loss. American Casualty argues that USAA is liable up to its policy limit of $100,000.00 on the grounds that USAA's "other insurance" clause is invalid under Va. Code § 38.2-2204 and, in the alternative, that USAA is the primary insurer because its insured owned the specific vehicle involved in the accident. In either case American Casualty contends that it is only liable for the amount of the judgment over USAA's policy limit because of an American Casualty policy limitation which states that the insurance provided is merely excess when a covered vehicle involved in an accident is not owned by Biggers.

The issues presented are as follows:

I. To what extent is each insurer liable for the $300,000.00 judgment given the respective policy limitations?

(a) Are the provisions in each policy of insurance which limit coverage valid limitations under Va. Code Section 38.2-2204?

II. Must USAA reimburse American Casualty for the expenses it incurred in defending Jackman at trial after USAA refused to do so?

The rulings of the Court are as follows:

I. USAA must pay up to its policy limit of $100,000.00. American Casualty is required to pay $200,00.00, the excess over that amount.

(a) The "other insurance" limitation in USAA's policy is void under Va. Code § 38.2-2204 because USAA is the insurer of a vehicle owned by its insured and USAA attempted

to limit its coverage in violation of Va. Code Section 38.2-2204(D).

American Casualty's policy limitation is valid under Va. Code § 38.2-2204 because, as interpreted by case law, the code section does not require coverage to be afforded to the permissive user of a vehicle not owned by the insured.

Each policy clearly provides some amount of coverage for this accident and judgment (see "Part I - Liability" in the USAA policy and "Item Two - Schedule of coverages and covered autos" in the American casualty policy).

USAA contends that it is only liable for two-ninths of the judgment based upon the "other insurance" clause in Part I of its policy relating to bodily injury and property damage liability. This clause states:

> Other insurance: If the insured has other insurance against a loss covered by Part I of this policy, the company shall not be liable under this policy for a greater portion of the loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile shall be excess insurance over any other valid and collectible insurance.

USAA's policy is governed by Va. Code §§ 38.2-2204(A) and 38.2-2204(D), which state:

Section 38.2-2204(A).

> No policy . . . of bodily injury or property damage liability insurance, covering liability arising from the ownership . . . or use of any motor vehicle . . . shall be issued . . . to the owner of such vehicle . . . or shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle . . . that is principally . . . used in this Commonwealth, unless the policy contains a provision insuring the named insured, and any

other person using or responsible for the use of the motor vehicle . . . with the expressed or implied consent of the named insured, against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy . . . as a result of negligence in the operation or use of such vehicle . . . by the named insured or by any such person.

Section 38.2-2204(D).

Any endorsement, provision or rider attached to or included in any such policy of insurance which purports or seeks to limit or reduce the coverage afforded by the provisions required by this section shall be void.

Section 38.2-2204(A) requires that the owner/insured or any of his permissive users be insured against negligence. The required insurance cannot be limited by the insurance company, and any attempted limitation is void. Va. Code § 38.2-2204(D). USAA argues that the "other insurance" clause in its policy limits liability to a prorata share of its coverage in the event other insurance covers bodily injury and liability. Such an interpretation is in violation of Virginia Code § 38.2-2204(D) because Jackman was the owner/insured's permissive user and USAA's other insurance clause limits the coverage required by Section 38.2-2204(A). Thus the limiting provision is void. *Continental Insurance Co. v. State Farm Fire and Casualty Co.*, 238 Va. 209 (1989); *American Motorists Insurance Co. v. Kaplan*, 209 Va. 53, 161 S.E.2d 675 (1968).

The policy issued by American Casualty also contains a limiting provision which states:

For any covered auto you own, this policy provides primary insurance. For any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance
. . . .

Unlike USAA's limitation, this is permissible. "The omnibus statute . . . [Va. Code § 38.2-2204] does not

require that coverage be afforded a *permissive user of a non-owned vehicle*" (emphasis added). *American Motorists Insurance Co.,* 209 Va. at 58. Biggers Enterprises did not own the vehicle involved in the accident, and Jackman was a permissive user of her father's automobile. Under *American Motorists Insurance Co.,* American Casualty's limitation is not subject to the requirements of Va. Code Section 38.2-2204(A) and is valid.

USAA is liable up to the limit of its policy because the attempted limitation is void. The limitation contained in the American Casualty policy is valid under Va. Code Section 38.2-2204 and therefore by the terms of the policy, American Casualty is only liable for the amount of the judgment in excess of the USAA policy limits.

Even assuming that the attempted limitation by USAA is valid, USAA is nonetheless liable to the limits of its policy because it is the primary insurer.

Except for the federal circuit court case cited below, there does not appear to be any Virginia case law directly addressing primary and the secondary insurers in situations such as this. It does appear to be the general rule, however, that when an insured driver drives the insured vehicle of another and the insurer of the vehicle and the insurer of the driver both provide coverage and both contain "other insurance" clauses which pro rate liability or provide for excess liability only, it is the insurer of the owner of the specific vehicle which is primarily liable; the driver's insurer is secondarily liable only for the excess over the vehicle's insurer's policy limit. *Farm Bureau Mutual Automobile Insurance Co. v. Preferred Accident Insurance Co.,* 78 F. Supp. 561 (W.D. Va. 1948); *Georgia Mutual Insurance Co. v. Southern General Insurance Co.,* 351 S.E.2d 658 (Ga. App. 1986); *Allstate Insurance Co. v. State Automobile Mutual Insurance Co.,* 364 S.E.2d 30 (W. Va. 1987). *See also, State Capital Insurance Co. v. The Mutual Assurance Society Against Fire on Buildings of the State of Virginia,* 218 Va. 815, 241 S.E.2d 759 (1978) (court accepts, but does not explicitly state, that the insurer of the owner of the vehicle, as opposed to the insurer of the driver, is the primary insurer). In each of these cases, the policy issued by the vehicle's insurer had an "other insurance" limitations nearly identical to the one contained in the USAA policy.

In a case very similar to this one, *Fidelity & Casualty Co. of New York v. Secured Casualty Co.*, 180 N.E.2d 297 (Ohio App. 1961), an employee of the Babcock and Wilcox Co. (B & W) was operating a vehicle owned by him in the course of his employment, when he was involved in an accident. B & W maintained a liability policy which covered the accident but limited its coverage to excess insurance where the vehicle involved was not owned by B & W. The employee was insured under a policy issued to him which specifically listed the involved vehicle. That policy contained an "other insurance" limitation identical to the one in the USAA policy, which limited its coverage in the case of "other insurance" to a pro-rated share. The Ohio Court of Common Appeals concluded, after interpreting the policies, that the employee's insurer, which insured the specific vehicle involved, was the primary insurer and must pay up to its policy limits. The employer's insurer was held to be an excess insurer only.

USAA, as the insurer of the owner of the specific vehicle involved in this accident, is the primary insurer and is liable up to its policy limit. American Casualty, as the insurer of the driver, is secondarily liable only for the excess over USAA's coverage.

II. USAA must reimburse American Casualty for the expenses which American Casualty incurred in defending Jackman.

Each insurer had a duty to defend Jackman at trial based upon the respective policies. The law is clear that an insurer decides not to defend at its own risk. If the insurer does not defend and it turns out that it is liable under its policy, it is liable for breach of contract to the *insured*. *United States Fire Insurance Co. v. Aspen Building Corp.*, 235 Va. 263, 367 S.E.2d 478 (1988). Here, however, the question is whether USAA must reimburse American casualty for its expenses in defending Jackman, given USAA's failure to defend and the assumption of that duty by American Casualty.

In *American Motorists Insurance Co. v. Kaplan*, 209 Va. 53, 161 S.E.2d 675 (1968), the court held that the insurer which is primarily liable for the loss must reimburse the excess insurer which defended the insured after the primary insurer's initial refusal to do so. *American Motorists*, 209 Va. at 58. This result was also reached

in *Fidelity v. Casualty Co. of New York v. Secured Casualty Co.*, 180 N.E.2d 297 at 302 (Ohio App. 1961). That case, cited *infra*, is nearly identical to this one. *See also, Allstate Insurance Co. v. State Automobile Mutual Insurance Co.*, 364 S.E.2d 30 at 34 (W. Va. 1987). Based upon these cases, I conclude that USAA must pay to American Casualty the expenses which it incurred in defending Heather Jackman.