■ ERIE INSURANCE GROUP et al., Appellants, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY et al., Respondents.— Order unanimously modified on the law and as modified affirmed with costs to defendant Nationwide in accordance with the following Memorandum: Plaintiff Blose took his van to defendant Unibrand, Inc., doing business as Broad Elm Service & Tire for service and repairs. Broad Elm's employee, Schwindler, was test driving the van when he collided with another vehicle. The passenger in that vehicle commenced a personal injury action against various parties, including Blose, Broad Elm and Schwindler. Blose and his insurer, Erie Insurance Group, commenced this action for declaratory judgment and thereafter moved for summary judgment seeking a declaration that Nationwide Mutual Fire Insurance Company, Broad Elm's insurer, must defend and indemnify Blose in the

underlying action. Nationwide cross-moved for summary judgment dismissing the complaint. The court granted Nationwide's cross motion.

We conclude that the court properly found that Nationwide is not required to defend Blose in the underlying action. Part V of the Nationwide policy, relied on by the court, does not apply because it concerns damages for loss to a covered auto; the underlying action is for damages for personal injury. Part IV of the Nationwide policy, concerning liability insurance, does not cover Blose because he is not an "insured" as that term is defined in D(1) and D(2) of that part. To the extent that Blose is seeking indemnification from Nationwide, the court properly denied his motion. If he is ultimately found vicariously liable as an owner pursuant to Vehicle and Traffic Law § 388 (1) in the underlying action, he will be entitled to indemnification from Nationwide's assured. A fortiori, Erie is not entitled to sanctions against Nationwide based on Nationwide's refusal to defend Blose.

Erie, Blose's insurer, also argues that it is not required to defend Blose because the auto business exclusion in its policy applies. On these facts, and based on the firmly established rule of construction that exclusions are to be strictly and narrowly construed *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311), we agree with Supreme Court that the exclusion does not apply because Blose's van was not "being used in the auto business" when the accident occurred *(see, Aetna Cas. & Sur. Co. v Allstate Ins. Co.,* 67 Misc 2d 333; Annotation, 56 ALR4th 300, § 10 [b]).

Supreme Court should have declared the rights of the parties rather than dismissing the complaint *(see, Pless v Town of Royalton,* 185 AD2d 659). We therefore modify the order to declare that Nationwide has no duty to defend Blose in the underlying action, that Erie must defend and indemnify Blose in the underlying action, and that Erie is not entitled to sanctions against Nationwide. (Appeal from Order of Supreme Court, Erie County, Fallon, J.—Summary Judgment.) Present —Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.